UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| U-VONDA BELL | CIV. ACTION NO. 3:23-0606 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| KILOLO KIJAKAZI, ACTING COMMISSIONER, U.S. SOCIAL SECURITY ADMINISTRATION | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

### Background & Procedural History

Uvonda Bell filed the instant applications for Title II Disability Insurance Benefits and Supplemental Security Income payments on February 7, 2020. (Tr. 9, 122-133). Bell, who was 38 years old at the time of the administrative hearing, *see* Tr. 122, 23, alleged a disability onset date of September 24, 2019 because of ankle and wrist fractures. *See* Tr. 9, 12. The state agency denied the claims initially on May 28, 2020, and upon reconsideration on September 18, 2020. (Tr. 9, 107-121). Thereafter, Bell requested and received a November 4, 2021 hearing before an Administrative Law Judge ("ALJ"). (Tr. 23-36). However, in a November 26, 2021 written decision, the ALJ determined that Bell was not disabled under the Social Security Act, finding at step five of the sequential evaluation process that she was able to make an adjustment to work that exists in significant numbers in the national economy. (Tr. 6-18).

Over one year later, on December 7, 2022, Bell sought review of the ALJ's adverse decision before the Appeals Council. *See* Tr. 4. On January 19, 2023, the Appeals Council wrote to Bell and advised her that, under the rules, she had 60 days from the date of the ALJ's decision to file a request for review. (Tr. 37-38). However, she submitted her request for review over ten months after the applicable deadline. *Id*. Accordingly, the Appeals Council accorded Bell an additional 60 days to submit a statement explaining why she failed to file her request for review within the applicable deadline. *Id*. The Appeals Council cautioned Bell that if she failed to provide a good reason for her dilatory filing, then it would dismiss her request for review. *Id*.

Bell, however, did not submit a response to the Appeals Council's letter. Accordingly, on March 8, 2023, the Appeals Council dismissed Bell's request for review because it was untimely, and she had not provided good cause to extend the filing deadline. (Tr. 1-5).

On May 8, 2023, Bell filed the instant, pro se complaint for judicial review of the Commissioner's final decision.

On July 17, 2023, the Commissioner filed her Answer and Notice of Filing of Administrative Record. [doc. # 5]. In her Answer, the Commissioner set forth an affirmative defense stating that the only issue the court is authorized to reach is whether the Appeals Council abused its discretion in dismissing Bell's request for review. *Id*.

In accordance with the court's scheduling order, [doc. # 3], Bell submitted a brief on August 16, 2023, wherein she detailed the circumstances and limiting effects of her fractured ankle and wrist. (Pl. Brief [doc. # 6]). However, she neither identified any specific error with the ALJ's decision, nor, more importantly, provided any basis to challenge the Appeals Council's dismissal of her request for review.

On September 12, 2023, the Commissioner filed her response brief, wherein she argued that the Appeals Council did not abuse its discretion in dismissing Bell's request for review, and, consequently, the court should affirm the decision below and dismiss Bell's suit. (Comm'r Brief [doc. # 7[).

Bell did not file a reply brief, and the time to do so has passed. *See* Sched. Order [doc. # 3]. Accordingly, the matter is ripe.

## **Law**

Ordinarily, this court's standard of review is (1) whether the final decision is supported by substantial evidence,[1] and (2) whether the Commissioner applied the proper legal standards to evaluate the evidence. *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (citation omitted). However, when, as here, the Appeals Council has dismissed a claimant's request for review as untimely, then the standard of review is "abuse of discretion as to the overall conclusion, and substantial evidence as to any fact." *Smith v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1765, 1779, n.19 (2019) (internal quotation marks omitted); *see also Brazell v. Saul*, Civ. Action No. 18-2020, 2021 WL 65486, at *3 (W.D. Tex. Jan. 7, 2021), *R&R adopted,* 2021 WL 2431337 (W.D.

---

[1] The Supreme Court has recognized that,

> [t]he phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere scintilla." It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019) (internal citations omitted).

3

Tex. Feb. 3, 2021).

An abuse of discretion means either an erroneous application of the law or an assessment of the evidence that is "clearly erroneous." *Hiser v. NZone Guidance, L.L.C.*, 799 Fed. App'x. 247 (5th Cir. 2020) (citations omitted). Furthermore, "[a]n abuse of discretion occurs only when all reasonable persons would reject the view of the [decision maker]." *Angell v. GEICO Advantage Ins. Co.*, 67 F.4th 727, 736 (5th Cir. 2023) (citations omitted).

Under the regulations, a request for Appeals Council review is due within 60 days after the claimant receives notice of the hearing decision. 20 C.F.R. § 404.968(a). Further, the Appeals Council will dismiss a request for review if it was not filed within the stated period of time, and there was no extension of the filing period. 20 C.F.R. § 404.971.

A request for extension of time to file a request for review must be in writing and provide reasons why the request for review was not timely filed. 20 C.F.R. § 404.968(b). If good cause is shown for missing the deadline, then the Appeals Council will extend the time period for filing the request for review. *Id*. In determining whether the claimant has shown good cause for missing the deadline to request review, the Appeals Council will consider:

(1) What circumstances kept [the claimant] from making the request on time;

(2) Whether [the Commissioner's] action misled [the claimant];

(3) Whether [the claimant] did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and

(4) Whether [the claimant] had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented [the claimant] from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 404.911(a).

## Analysis

In this case, the Appeals Council determined that Bell submitted her request for review well beyond the applicable 60-day deadline. (Tr. 1-5). Moreover, despite affording her ample opportunity to provide good cause for her untimely filing, Bell neglected to provide any response at all. (Tr. 1-5). Consequently, the Appeals Council found no good cause to extend the period for filing the otherwise out-of-time request for review. *Id*. Dismissal necessarily ensued. 20 C.F.R. § 404.971.

Bell has not contested the foregoing findings either at the administrative level or before this court. Accordingly, the court is compelled to find that the Appeals Council's factual findings are supported by substantial evidence, and that its ultimate decision to dismiss Bell's request for review was not an abuse of discretion.

For these reasons,

IT IS RECOMMENDED that the Commissioner's final decision be AFFIRMED, in its entirety, and that this civil action be DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

5

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 11th day of October, 2023.

K<small>AYLA</small> D<small>YE</small> M<small>C</small>C<small>LUSKY</small>
U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>